UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ALFONSO PERCY PEW, :
:
      Plaintiff :
:
      v. : CIVIL NO. 3:CV-14-0856
:
SUPT. GLUNT, et al., : (Judge Kosik)
:
      Defendants :

## MEMORANDUM

Alfonso Percy Pew is an inmate currently confined at the State Correctional Institution at Mahanoy, Pennsylvania. He filed this civil rights action pursuant to 42 U.S.C. § 1983 wherein he challenged his confinement in the "Lexan Glass Cage Cell" at SCI-Rockview, his place of incarceration at the relevant time. Presently pending is Plaintiff's motion to vacate the court's order dated May 7, 2014, dismissing the complaint, without prejudice, pursuant to the "Three Strikes" provision of 28 U.S.C. § 1915(g).[1] For the reasons that follow, the motion will be denied.

## I.    Background

---

[1] Plaintiff states that he files his motion pursuant to Fed. R. Civ. P. 59(e) and 60(b). The motion will be analyzed under Rule 59(e), in that it clearly appears that Plaintiff seeks reconsideration of the court's decision based upon alleged error of law or fact, and not based on the circumstances set forth in Rule 60(b), including fraud, mistake or newly discovered evidence.

In his complaint, Plaintiff challenges his confinement in a "Lexan Glass Cage" cell where he was subjected to 24 hour illumination, was without a window or natural light, and was deprived of sound, scenery and proper ventilation. He claims that the confinement in this cell exacerbated his mental condition, causing sleep deprivation and anxiety attacks. He also blames his need for bifocals on the lighting. In addition, he contends that he is deprived adequate cleaning supplies and only provided with paper towels and a "watered down liquid." As relief, he requests that the Lexan Glass Cage cells be closed down, and that cleaning supplies be ordered. He also seeks compensatory and punitive damages.[2]

On May 7, 2014, the court issued an order denying Plaintiff's request to proceed in forma pauperis in this matter, and dismissing the complaint, without prejudice, pursuant to 28 U.S.C. § 1915(g). Section 1915(g) prohibits a prisoner from proceeding in forma pauperis in a civil action or in appealing a judgment in a civil action if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[2] Since the filing of the complaint, Plaintiff has been transferred from SCI-Rockview. As such, any request for injunctive relief is now moot. (See Doc. 5, n.1.)

The Pennsylvania Department of Corrections' "Inmate Strike Index" revealed that Plaintiff previously has initiated at least three civil actions in federal courts which were dismissed either as frivolous or for failing to state a claim upon which relief can be granted.  As such, Plaintiff is barred from filing this civil action, unless he prepays the full statutory filing fee or applies to proceed in forma pauperis and alleges facts demonstrating that he is in imminent danger of physical harm.  Although Plaintiff argued that the allegations in his complaint allege imminent danger of serious physical harm, the court rejected his argument.  He was afforded time to submit the full filing fee, but did not do so.  Instead, Plaintiff filed a motion seeking reconsideration of the court's dismissal of his complaint.[3]

## II.   Discussion

### A.   Standard of Review

"Generally, motions for reconsideration under Rule 59(e) must rely on one of the following three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent a manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Such motions are devices of limited utility, not to be used as a means to

---

[3] Thereafter, Plaintiff also filed an appeal of this court's decision with the Third Circuit Court of Appeals. Because Plaintiff filed a timely motion for reconsideration, this court has jurisdiction and must first decide Plaintiff's motion prior to any consideration of the matter by the appellate court. See Fed. R. App. P. 4(a)(4).

relitigate or rehash legal principles and arguments already presented to, and rejected

by the court, nor to present additional arguments that could or should have been

raised before judgment was entered.  See Bhatnagar v. Surrendra Overseas Ltd., 52

F.3d 1220, 1231 (3d Cir. 1995)(motions for reconsideration cannot be used to gain a

"second bite" at the apple); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.

1985).

**B.     Analysis**

Plaintiff challenges this court's finding that he did not allege facts

demonstrating that he was in imminent danger of physical harm at the time he filed

his complaint. He claims that unless his allegations of harm are fantastic, delusional

or rise to the level of irrational, he escapes the Three Strikes bar and falls within the

imminent harm exception.  He claims that health issues caused by problems with

ventilation can meet the imminent danger standard.  (Doc. 7 at 1.)  In support thereof,

he submits an affidavit that attaches a copy of a response to a grievance he filed,

complaining about the issues raised in his complaint.  According to Plaintiff, this

document supports his allegations and warrants a finding that he falls within the

imminent physical harm exception to the Three Strikes rule.  (Doc. 8 at 2.)  He claims

that because Defendants have not challenged his allegations, they must be accepted as

credible evidence of imminent danger of serious physical injury.

The PLRA sought to "reduce the quantity and improve the quality of prisoner

suits," <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002), in three main ways. First, it introduced an exhaustion requirement, which bars an action by a prisoner complaining of prison conditions "until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a). Second, it established "prescreening" provisions that require a court to dismiss an action or appeal <u>sua sponte</u> if the action is "frivolous" or "malicious" "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(I), (e)(2)(B)(ii), 1915A(b); 42 U.S.C. § 1997e(c). Third, as fully discussed in the court's Memorandum of May 7, 2014, it created a "Three Strikes" rule to limit the number of lawsuits brought by prisoners with a history of meritless litigation. (Doc. 5.)

With respect to the Three Strikes rule, it is important to note that § 1915(g) does not block a prisoner's access to the federal courts. Rather, "it only denies the prisoner the privilege of filing before he has acquired the necessary filing fee." <u>Abdul-Akbar. McKelvie</u>, 239 F.3d 307, 314 (3d Cir. 2001)(en banc). "The imminent danger exception allows the district court [or an appellate court] to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee." <u>Id</u>. at 315.

"Imminent dangers are those dangers which are about to occur at any moment or are impending." <u>Id</u>. The danger must be imminent at the time the complaint or

appeal is filed. "By using the term 'imminent,' Congress indicated that it wanted to ... prevent impending harms, not those harms that had already occurred." Id. at 312-15. Practices that "may prove detrimental ... over time" also do not represent imminent dangers as the harm is not "about to occur at any moment." Ball v. Famiglio, 726 F.3d 448, 468 (3d Cir. 2013)(quoting Abdul-Akbar, 239 F.3d at 315)(internal quotation marks omitted). Further, even if an alleged harm may in fact be "impending," it does not satisfy the exception if it does not threaten to cause "serious physical injury." 28 U.S.C. § 1915(g). Vague or conclusory allegations are insufficient to meet this standard. See Ball, 726 F.3d at 468.

In dismissing Plaintiff's complaint pursuant to § 1915(g), the court found that he failed to allege facts sufficient to demonstrate imminent danger of serious physical harm in accordance with the above standard. In seeking reconsideration, he relies on the unpublished opinion in Brown v. Secretary Pennsylvania Department of Corrections, et al., 486 F. App'x 299, 2012 WL 2511307 (3d Cir. July 2, 2012), wherein the Third Circuit found that "significant problems with ventilation, at least where resulting health problems are caused by ventilation issues, can meet the imminent danger standard". (Id. at *2.) In Brown, the Plaintiff alleged that his closed cell in the RHU had inadequate ventilation, heating, and cooling. He claimed that his "lungs are painful at times and tight, he is constantly coughing up mucous that is sometimes speckled with blood and other unknown matter, he has severe headaches,

watery eyes, and a change in voice." (Id. at *1.)  He also claimed that continually breathing in large amounts of dirt, dust and smoke has resulted in asthma-like symptoms, including clogged sinuses and a wheezing sound in his lungs, and that he has been denied medical treatment for his alleged breathing difficulties in retaliation for having filed various lawsuits and grievances. (Id.)  Based on these allegations, the court found a continuing danger of serious physical injury to permit him to proceed in forma pauperis, even though he had three strikes under the PLRA.

The allegations in support of a finding of imminent danger of physical harm in the Brown case are easily distinguishable from those set forth in the instant case.  In Brown, the plaintiff pled facts including confinement in a closed cell with a faulty, dirty ventilation system constantly polluting his cell with a fine white dust and the guard's tobacco smoke. He further alleged specific serious physical conditions resulting from the above, including painful lungs, coughing up mucous containing blood and other matter, and asthma-like symptoms, such as the lack of the ability to breathe and wheezing.  Significantly, Brown additionally claimed that he was being denied medical attention for these conditions.  The combination of these factors clearly rises to the level of an imminent danger of physical injury.

To the contrary, Plaintiff's general allegations, including sleep deprivation, panic attacks, anxiety attacks, exacerbated mental illness, maladaption syndrome, and head/chest pains, are insufficient for § 1915(g) purposes, in that they do not suggest

7

danger that is about to occur at any moment or that is impending.  The court also finds it significant that Plaintiff does not allege that he has sought medical attention with respect to any of these alleged conditions, or more importantly, that he has sought care and that it has been denied.

Moreover, the exhibit submitted by Plaintiff in support of his motion for reconsideration refutes his claim with respect to improper ventilation.  In responding to Plaintiff's grievance, he was informed that recent tests conducted ". . . with respect to the light and air qualities were found to be in compliance with ACA standards and department policy."  It was further recommended that Plaintiff submit a sick call request to address any medical issues he may be experiencing.  (Doc. 8 at 2.)  For these reasons, the court will not disturb its finding that Plaintiff does not fall within the imminent danger exception to § 1915(g), and will deny his pending motion for reconsideration.   While the court agrees that under certain circumstances ventilation problems could be serious enough to meet the imminent danger standard, such is not the case here.  An appropriate order follows.